Richard W. Gonnello (admitted *pro hac vice*)
Megan M. Sullivan (admitted *pro hac vice*)
Katherine M. Lenahan (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
          msullivan@faruqilaw.com
          klenahan@faruqilaw.com

Barbara A. Rohr SBN 273353
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email:  brohr@faruqilaw.com

*Attorneys for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAVAX TECHNOLOGIES CORPORATION SECURITIES LITIGATION | Case No. 3:13-CV-02796-CRB <br><br> **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| This Document Relates To: <br><br> ALL ACTIONS | Judge:  Charles R. Breyer |

WHEREAS, Lead Plaintiff Khaled Khalafallah ("Lead Plaintiff") and Ron Franklin, on behalf of all Class Members, on the one hand, and Defendants Dynavax Technologies Corporation (the "Company" or "Dynavax"), Dino Dina, and J. Tyler Martin, Mark Kessel, Symphony Capital Partners, L.P., Symphony Capital GP, L.P., Symphony GP, LLC, and Symphony Strategic Partners, LLC (collectively, "Defendants" and together with Lead Plaintiff and Ron Franklin, the "Settling Parties"), on the other hand, by and through their respective counsel, have entered into a Stipulation and Agreement of Settlement dated as of September 7, 2016 (the "Stipulation"), which,

1  together with the exhibits annexed thereto, sets forth the terms and conditions for settlement of the
2  above captioned class action (the "Action") and for dismissal with prejudice of the Action as
3  against Defendants;
4      WHEREAS, Lead Plaintiff and Ron Franklin have made an application, pursuant to Rule
5  23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed
6  settlement of the Action;
7      WHEREAS, the Court, having read and considered the Stipulation and the exhibits
8  annexed thereto and Lead Plaintiff and Ron Franklin's motion for preliminary approval; and
9      WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as
10 set forth in the Stipulation.
11     NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:
12     1.    The Court preliminarily approves the Settlement as being fair, reasonable, and
13 adequate, subject to further consideration at a hearing to be held before this Court on February 3,
14 2017 at 10:00 a.m. (a date at least 100 days from the date of entry of this Order) (the "Final
15 Fairness Hearing") to determine whether the proposed Settlement of the Action on the terms and
16 conditions provided for in the Stipulation is fair, reasonable, adequate and should be approved by
17 the Court; whether the Order and Final Judgment, attached as Exhibit B to the Stipulation should
18 be entered; whether the proposed Plan of Allocation is reasonable and should be approved;
19 whether Lead Counsel's application for an award of attorneys' fees and expenses and an award for
20 Lead Plaintiff and Ron Franklin should be granted; to hear any objections by Class Members to the
21 Settlement or proposed Plan of Allocation and to any award of fees and/or expenses to Lead
22 Counsel and to Lead Plaintiff and Ron Franklin; and to consider such other matters as the Court
23 may deem appropriate.
24     2.    The District Court finds, preliminarily and for purposes of Settlement only, that the
25 prerequisites for a class action under Rule 23(a) and (b)(3) for the Federal Rules of Civil Procedure
26 have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all
27 members of the Class is impracticable; (b) there are questions of law and fact common to each
28

1  Class Member; (c) the claims of Lead Plaintiff and Ron Franklin are typical of the claims of the
2  Class they seek to represent; (d) Lead Plaintiff and Ron Franklin will fairly and adequately
3  represent the interests of the Class; (e) the questions of law and fact common to Class Members
4  predominate over any questions affecting only individual members of the Class; and (f) a class
5  action is superior to other available methods for the fair and efficient adjudication of the
6  controversy.

7      3.    Pursuant to Rule 23 of the of the Federal Rules of Civil Procedure, preliminarily
8  and for the purposes of Settlement only, Lead Plaintiff and Ron Franklin are certified as the Class
9  Representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiff
10 and appointed by the District Court, Faruqi & Faruqi, LLP, is hereby appointed as Class Counsel.

11     4.    The Class is defined as Lead Plaintiff and Ron Franklin as well as all Persons who
12 purchased or otherwise acquired Dynavax common stock during the Class Period and who allege
13 to have been damaged thereby.  Excluded from the Class are Defendants; members of their
14 immediate families; any firm, trust, partnership, corporation, officer, director, or other individual
15 or entity in which a Defendant has a controlling interest or which is related to or affiliated with any
16 of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of such
17 excluded Persons.  Also excluded from the Class is any Person who properly excludes himself,
18 herself, or itself by filing a valid and timely request for exclusion in accordance with the
19 requirements to be set forth in the Settlement Notice.  The Class Period is defined as the period
20 from April 26, 2012 through and including June 10, 2013, both dates inclusive.

21     5.    Pending final determination of whether the Settlement should be approved, each
22 Class Member is barred and enjoined from commencing, instituting, or continuing to prosecute any
23 action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum,
24 or other forum of any kind asserting any of the Settled Claims against any of the Defendant
25 Releasees.

26     6.    The Court appoints Garden City Group, LLC (the "Claims Administrator") to
27 supervise and administer the notice procedure and processing of claims pursuant to the Stipulation.
28

1    7.  The Court approves the form of the Settlement Notice and Publication Notice,
2  attached hereto has Exhibits A-1 and A-3, respectively, and finds that the mailing and distribution
3  of the Settlement Notice and publishing of the Publication Notice meet the requirements of Rule
4  23 and due process, and are the best notice practicable under the circumstances and shall constitute
5  due and sufficient notice to all Persons entitled to notice.

6    8.  The Claims Administrator shall cause the Settlement Notice and the Proof of Claim
7  form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be
8  mailed, by first-class mail, postage prepaid, on or before <u>November 7,</u> 2016 (*i.e.*, within twenty
9  (20) days of the date of entry of this Order) ("Notice Date"), to all Class Members who can be
10  identified through reasonable effort.  Lead Counsel shall cause the Claims Administrator to publish
11  the Settlement Notice and Proof of Claim on a website designated for the Action on the Notice
12  Date.  Lead Counsel shall serve on counsel for each of the Defendants and file with the Court, no
13  later than forty (40) days before the Final Fairness Hearing, proof of mailing of the Settlement
14  Notice and Proof of Claim.

15    9.  The Claims Administrator shall cause the Publication Notice, substantially in the
16  form annexed hereto as Exhibit A-3, to be published once in the national edition of the *Investor's*
17  *Business Daily* and once over *PR Newswire*, within ten (10) days of the Notice Date.  Lead
18  Counsel shall, no later than forty (40) days before the Final Fairness Hearing, file with the Court
19  proof of publication of the Publication Notice.

20    10. The Claims Administrator shall be responsible for the receipt of all Proofs of Claim
21  and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim
22  and requests for exclusion from any Person in response to the notice.  The Claims Administrator
23  shall scan and send electronically copies of all requests for exclusion from the Settlement in .pdf
24  format (or such other format as shall be agreed) to counsel for each of the Defendants and to Lead
25  Counsel expeditiously as possible, but no later than three (3) business days, after the Claims
26  Administrator receives such requests for exclusion.

27
28

11.     As part of their reply papers in support of their motion for final approval of the Settlement, Lead Counsel will provide a list of all Persons who have requested exclusion from the Class as defined in the consolidated complaint and all of the information provided to the Claims Administrator for those Persons requesting exclusion, and shall certify that all requests for exclusion received have been copied and provided to counsel for each of the Defendants and Lead Counsel.

12.     The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired Dynavax common stock during the Settlement Class Period as record owners but not as beneficial owners.  Such nominees who hold or held Dynavax common stock for beneficial owners who are members of the Class are directed (a) to provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased or otherwise acquired Dynavax common stock during the Settlement Class Period within seven (7) days of receipt of the Settlement Notice, or (b) to send the Settlement Notice and Proof of Claim to the beneficial owners.  If the nominee owner elects to send the Settlement Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Settlement Notice and Proof of Claim within seven (7) days of receipt of the Settlement Notice, and (ii) to mail the Settlement Notice and Proof of Claim within seven (7) days of receipt of the copies of the Settlement Notice from the Claims Administrator, and upon such mailing the nominee owner shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Such nominee owners shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for the reasonable expenses of sending the Settlement Notice and Proof of Claim to the beneficial owners.

13.     All notice and administrative expenses shall be paid as set forth in the Stipulation.

14.     The Claims Administrator is authorized and directed to undertake the actions contemplated by the Stipulation, including the payment or reimbursement of any Taxes or Tax

1  Expenses out of the Settlement Fund and the preparation of tax returns, without further order of the
2  Court.

3  15. Any Class Member who wishes to participate in the distribution(s) from the Net
4  Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions
5  contained therein.  Unless otherwise ordered by the Court, all Proofs of Claim must be completed
6  and post-marked no later than seventy-five (75) days from the Notice Date.  Unless otherwise
7  ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim
8  within the time provided shall be barred from sharing in the distribution of the Net Settlement
9  Fund.

10  16. All eligible Persons who do not request exclusion from the Class postmarked at
11  least twenty-five (25) days prior to the Final Fairness Hearing, and in the form and manner set
12  forth in the Stipulation and the Settlement Notice, will be bound by the Stipulation, including, but
13  not limited to, the releases provided therein, and by any judgment or determination of the Court
14  affecting the Class.

15  17. All eligible Persons requesting exclusion from the Class shall not be entitled to
16  receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement
17  Notice.

18  18. Any eligible member of the Class who has not requested exclusion from the Class
19  may appear at the Final Fairness Hearing to show cause why the proposed Settlement should not
20  be approved as fair, reasonable, and adequate and why a judgment should not be entered thereon;
21  provided, however, that no eligible member of the Class shall be heard or entitled to contest the
22  approval of the terms and conditions of the Settlement and the Order and Final Judgment to be
23  entered approving the same unless no later than twenty-five (25) days prior to the date set for the
24  Final Fairness Hearing, such eligible Class Member has filed said objections, briefs, and
25  supporting papers (which must contain proof of all purchases and sales of Dynavax common stock
26  during the Settlement Class Period and price(s) paid and received) with the Clerk of the United
27  States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060,
28

1  San Francisco, CA 94102.  Persons who intend to object to the Settlement and desire to present
2  evidence at the Final Fairness Hearing must include in their written objections the identity of any
3  witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at
4  the Final Fairness Hearing.  Any party has the right to object to any testimony or other evidence
5  which a Person objecting to the Settlement seeks to introduce.

6        19.    Unless the Court otherwise directs, no Class Member or other Person shall be
7  entitled to object to the Settlement, or the Order and Final Judgment to be entered herein, or
8  otherwise be heard, except by serving and filing written objections as described above.  Any
9  person who does not object in the manner prescribed above shall be deemed to have waived such
10 objection in this or any other action or proceeding and shall be bound by all the terms and
11 provisions of the Settlement and by all proceedings, orders and judgment in the Action.

12       20.    Lead Counsel shall submit papers in support of final approval of the Settlement and
13 its application for an attorneys' fees and Litigation Expenses award by no later than forty (40) days
14 prior to the date set for the Final Fairness Hearing.  Reply papers addressing requests for exclusion
15 or objections to the Settlement, Plan of Allocation, or application for attorneys' fees and Litigation
16 Expenses, shall be due seven (7) days prior to the Final Fairness Hearing.

17       21.    Neither Defendants nor Defendants' Counsel shall have any responsibility for any
18 Plan of Allocation of the Net Settlement Fund or any application for an attorneys' fees and
19 Litigation Expenses award submitted by Lead Counsel, and such matters will be considered
20 separately from the fairness, reasonableness, and adequacy of the Settlement.  Lead Counsel shall
21 be responsible for the apportionment of fees and expenses amongst Lead Counsel.

22       22.    The administration of the Settlement and the determination of all disputed questions
23 of law and fact with respect to the validity of any claim or right of any person to participate in the
24 distribution of the Net Settlement Fund shall be under the authority of this Court.

25       23.    The Court retains exclusive jurisdiction over the Action to consider all further
26 matters arising out of or connected with the Settlement.

27
28

24. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or as an admission by the Lead Plaintiff, Ron Franklin, or any Class Members of any lack of merit of the allegations in the Action in any respect.

IT IS SO ORDERED.

Dated: San Francisco, California

October 14, 2016

_____
Honorable Charles R. Breyer
United States District Court Judge
Northern District of California