# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAVAX TECHNOLOGIES CORPORATION SECURITIES LITIGATION | Case No. 3:13-CV-02796-CRB<br><br>[PROPOSED] **FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |
| This Document Relates To:<br><br>ALL ACTIONS | Judge:  Charles R. Breyer |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Order"), dated October 14, 2016, on the application of Lead Plaintiff Khaled Khalafallah ("Lead Plaintiff") and Ron Franklin, on behalf of the Class, on the one hand, and Dynavax Technologies Corporation (the "Company" or "Dynavax"), Dino Dina, and J. Tyler Martin, Mark Kessel, Symphony Capital Partners, L.P., Symphony Capital GP, L.P., Symphony GP, LLC, and Symphony Strategic Partners, LLC (collectively, "Defendants" and, together with Lead Plaintiff and Ron Franklin, the "Settling Parties") for approval of the class settlement set forth in the Stipulation and Agreement of Settlement ("Stipulation"), dated as of September 7, 2016 between the Settling Parties.  Due and adequate notice has been given to the Class as required in the Preliminary Order, and the Court, having considered all papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.       This Court has jurisdiction to enter this Judgment.  This Court has jurisdiction over the subject matter of the Action and over the Settling Parties to the Action, including all Class Members.

3.       The Court finds, for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each of the Class Members; (c) the claims of Lead Plaintiff and Ron Franklin are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff and Ron Franklin will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of Settlement only, Lead Plaintiff and Ron Franklin are certified as the Class Representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the Court, Faruqi & Faruqi, LLP, is hereby appointed as Class Counsel.

5.       The Class is defined as Lead Plaintiff and Ron Franklin as well as all Persons who purchased Dynavax common stock during the Class Period and who allege to have been damaged thereby.  Excluded from the Class are Defendants; members of the immediate families; any firm, trust, partnership, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of such excluded Persons.  Also excluded from the Class is any Person who properly excluded himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Settlement Notice, as listed in Exhibit 1 hereto.  The Class Period is defined as the period from April 26, 2012 through and including June 10, 2013, both dates inclusive.

1      6.     This Order and Final Judgment is binding on all members of the Class, other than

2  those persons listed in Exhibit 1 hereto who have filed timely and valid requests to be excluded

3  from the Class.

4      7.     The notification provided for and given to the Class was in compliance with the

5  Preliminary Order, and said notification constitutes the best notice practicable under the

6  circumstances and is in full compliance with the notice requirements of due process, Rule 23 of the

7  Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Private Securities Litigation Reform

8  Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).

9      8.     The Settlement is hereby approved as fair, reasonable, and adequate, and shall be

10  consummated in accordance with the terms and provisions of the Stipulation.

11      9.     The complaints filed in this Action are hereby dismissed in their entirety as to the

12  Defendants, with prejudice, and without costs to any Settling Party, except to the extent provided in

13  the Stipulation.

14      10.    The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. § 78u-

15  4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all

16  times complied with the requirements of Federal Rule of Civil Procedure 11.

17      11.    Upon the Effective Date, Lead Plaintiff, Ron Franklin, the Class and each Class

18  Member (other than those listed on Exhibit 1 hereto), on behalf of themselves and each of their

19  predecessors, successors, assigns, parents, subsidiaries, affiliates, agents, representatives, heirs,

20  trustees, joint tenants, tenants in common, beneficiaries, executors and administrators, attorneys,

21  insurers, and anyone else who could make a claim through or on behalf of a Class Member, directly

22  or indirectly, individually, derivatively, representatively, or in any other capacity, shall have and

23  shall be deemed by operation of law to have fully, finally and forever released, relinquished,

24  acquitted and discharged the Defendant Releasees from the Settled Claims (including, without

25  limitation, Unknown Claims), whether or not such Class Member executes and delivers the Proof of

26  Claim.  Nothing contained herein shall release any claim Lead Plaintiff, Ron Franklin and Class

27  Members may have against any entity or party other than the Defendant Releasees.

28

12. For purposes of clarity, nothing contained herein shall release any claims asserted in the actions captioned *Drabek v. Dina et al.*, No. 3:13-cv-03705-CRB (N.D. Cal.) and *Truglio v. Oronsky*, No. RG13686266 (Cal. Super. Ct.) or in the letter from Raymond Hersh, a purported Dynavax shareholder, dated May 15, 2015.

13. Upon the Effective Date, Lead Plaintiff, Ron Franklin, the Class and each Class Member (other than those listed on Exhibit 1 hereto), on behalf of themselves and their respective predecessors, successors, assigns, parents, subsidiaries, affiliates, agents, representatives, heirs, trustees, joint tenants, tenants in common, beneficiaries, executors and administrators, attorneys, insurers, and anyone else who could make a claim through or on behalf of a Class Member, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendant Releasees, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Settled Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Settled Claims, except to enforce the Settlement.

14. Upon the Effective Date, the Defendants, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all Persons acting in concert with any such Person, shall have fully, finally and forever waived, released and forever discharged any and all claims against Lead Plaintiff and Ron Franklin relating to the institution and prosecution of the Action, and shall forever be enjoined from instituting, maintaining or prosecuting any or all such claims. Nothing contained herein shall release any claim Defendants may have against any entity or party other than Lead Plaintiff and Ron Franklin.

15. In accordance with the Private Securities Litigation Reform Act as codified at 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claims (i) by any person or entity against any of the Released Parties, and (ii) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby

permanently barred, extinguished, discharged, satisfied and unenforceable.  Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution.  In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Settled Claim for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class by or on behalf of each such Released Party for common damages.

16.    Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed on Exhibit 1 hereto, is bound by this Order and Final Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

17.    This Order and Final Judgment and the Settlement Stipulation, and all acts performed or papers related thereto are not, and shall not be construed to be, an admission by Defendants of any liability or wrongdoing whatsoever, or that recovery could be had in any amount should the action not be settled, and shall not be offered as evidence or received into evidence in this or any proceeding or used in any manner as an admission or implication of liability or fault on the part of Defendants or any other person.  The Order and Final Judgment and the Settlement Stipulation, and all papers related thereto, also are not, and shall not be construed to be, any admission by Lead Plaintiff or any Class Member of any lack of merit of the Action in any respect.

18.    In the event that the Settlement does not become consummated in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

[PROPOSED] FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE
CV 13 2796 CRB

19.     Any court order regarding the Plan of Allocation or the attorneys' fees and Litigation Expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

20.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of funds from the Net Settlement Fund, shall remain under the authority of this Court.

21.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Amount; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

22.     The Court authorizes the Claims Administrator to treat Proof of Claim forms post-marked by March 22, 2017 as being timely filed, notwithstanding the Court's prior order setting a post-mark deadline of January 21, 2017.

23.     There being no just reason to delay entry of this Order and Final Judgment, the Clerk of the Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Order and Final Judgment forthwith.

IT IS SO ORDERED.

Dated:  San Francisco, California

    February 6                          , 2017


_____
Honorable Charles R. Breyer
United States District Court Judge
Northern District of California

[PROPOSED] FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE
CV 13 2796 CRB